UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                      )<br>)<br>RICHARD L. MORTELLITI,   )<br>         Defendant  ) | CRIMINAL NO. 06-10051-NG<br><br>Violations:<br>  18 U.S.C. §1341 (Mail Fraud)<br>  18 U.S.C. §981(a)(1)(C) and<br>  28 U.S.C. §2461(c) (Forfeiture) |

INDICTMENT

The Grand Jury charges:

Introduction

At all times material to this Indictment:

1. Home Depot, Inc. (hereinafter "Home Depot") was a Delaware corporation, headquartered in Atlanta, Georgia, which operated retail home improvement and building supply centers throughout the United States. Shares of stock in Home Depot were publicly traded on the New York Stock Exchange.

2. RICHARD L. MORTELLITI (sometimes hereinafter "MORTELLITI"), the defendant herein, was a resident of Massachusetts. MORTELLITI had worked at the Home Depot store in West Roxbury, MA from August, 1994 to March, 1995, as a Sales Associate in the lumber department.

3. Framor, Inc. was a Massachusetts corporation which RICHARD MORTELLITI's father organized in 1960 and dissolved in 1991. MORTELLITI's father conducted an electrical contracting business thru Framor, Inc.

4. Joe was a resident of Westwood, MA who knew MORTELLITI from having grown up together with him in Westwood, MA.

MORTELLITI believed that Joe came from a wealthy family. Joe and MORTELLITI met regularly at a Dunkin' Donuts shop in Westwood, MA which was frequented by many persons engaged in the construction industry.

### The Scheme To Defraud

5. Beginning in or about May, 2002 and continuing until in or about September, 2004, the exact dates being unknown to the Grand Jury, in Westwood, Walpole, Stoughton and elsewhere in the District of Massachusetts, the defendant herein,

RICHARD L. MORTELLITI,

did devise and intend to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises concerning material facts and matters.

6. The scheme consisted essentially of a plan to induce Joe and various other persons (hereinafter "the investors") to invest money with MORTELLITI on the basis of false and fraudulent pretenses, representations and promises that they were investing in options redeemable, in the future, for shares of stock in Home Depot at favorable terms.

7. As a result of the execution of this scheme the investors were defrauded of in excess of $860,000, more or less.

It was part of the scheme that:

8. MORTELLITI told his friend Joe that he was engaged in

building new stores for Home Depot.

9. MORTELLITI told Joe that as part of his compensation Home Depot allowed him to participate in a stock option program, which allowed him to purchase options, at a fixed price, which if held for two years, were redeemable for multiple shares of Home Depot stock, including multiples as high as 15 to 1 and 19 to 1.

10. MORTELLITI told Joe that he was eligible for more Home Depot options than he could afford to exercise and that he would allow Joe, and his family and friends, to purchase some of these options, although all transactions needed to be done through MORTELLITI and his company, Framor, Inc.

11. From time to time, MORTELLITI met with Joe and a member of his family or a friend and repeated many of the representations set forth above about building Home Depot stores and his ability to purchase options on Home Depot stock on favorable terms.

12. MORTELLITI told Joe there were three investment periods: July, 2002, March, 2003 and November, 2003. At or about these times, MORTELLITI accepted funds from Joe, his family and friends on the representation that such monies would be used to purchase Home Depot stock options.

13. In or about September, 2002 MORTELLITI prepared documents purporting to be Memorandums from Home Depot to Joe and his family and a friend, purporting to confirm the purchase of

stock options at very favorable terms, and purporting to be signed by Vern Joslyn, a Senior Vice President of Home Depot. MORTELLITI flew to Atlanta, GA, the location of Home Depot's headquarters, and mailed these memorandums to Joe, a member of his family and a friend, in envelopes which purported to be from Home Depot.

14. MORTELLITI took Joe and others on a tour of a newly opened Home Depot store in Brockton, MA and purported to explain to them how he was able to complete construction of the store.

15. In fact, as MORTELLITI well knew, MORTELLITI was not engaged in building Home Depot stores, he had no right to purchase options on Home Depot stock, he took the money he had received from Joe, his family and friends and deposited it into his personal bank account and then spent the money for personal items, including travel, entertainment, hotels, food and jewelry.

16. In or about September, 2004 when confronted by Joe and some of the other investors, MORTELLITI failed to produce the promised shares of Home Depot stock and failed to return the funds which they had given to MORTELLITI.

COUNTS 1-3 Mail Fraud

17. The allegations contained in paragraphs 1 to 16 above are incorporated by reference, as if set forth in full.

18. On or about the dates set forth below, in the District of Massachusetts, the defendant herein,

RICHARD L. MORTELLITI,

having devised and intending to devise a scheme to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises concerning material facts and matters, for the purpose of executing such scheme, and attempting to do so, did place in a post office or authorized depository for mail matter the envelopes described below, to be sent and delivered by the Postal Service, and did knowingly cause such envelopes to be delivered by mail, according to the directions hereon, as follows:

| Count | Date | Description |
|---|---|---|
| 1 | 9/9/02 | An envelope addressed to Joe at Hemlock Drive, Westwood, MA 02090, containing a fabricated confirmation of an option to purchase 1334 shares of Home Depot stock for $40,020.00. |
| 2 | 9/9/02 | An envelope addressed to Joe's father at Juniper Drive, Westwood, MA 02090, containing a fabricated confirmation of an option to purchase 834 shares of Home Depot stock for $25,020.00. |
| 3 | 9/9/02 | An envelope addressed to Joe's friend at Commander Shea Blvd., No. Quincy, MA 02171, containing a fabricated confirmation to purchase 700 shares of Home Depot stock for $21,000. |

(All in violation of Title 18, United States Code, Sections 1341 and 2.)

## MAIL FRAUD FORFEITURE ALLEGATIONS
(18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

19. The allegations contained in paragraphs 1 to 18 of this Indictment (Counts 1 to 3) are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

20. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1341 and 2, the defendant herein,

RICHARD L. MORTELLITI

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

The property to be forfeited by the defendant includes, but is not limited to, the following:

(a) at least $860,020 in United States currency;

(b) the following jewelry purchased at Long's Jewelers on the date indicated for the amount shown:

| | | | |
|---|---|---|---|
| (1) | 3/19/03 | Diamond Cluster Pendant | $ 2,695 |
| (2) | 9/22/03 | Diamond Ring | $48,520 |
| (3) | 12/4/03 | Watch | $ 1,646 |
| (4) | 3/10/04 | Earrings | $19,557 |

6

|     |         |                 |          |
|-----|---------|-----------------|----------|
| (5) | 7/18/04 | Diamond Pendant | $14,500  |
| (6) | 8/4/04  | Jewelry         | $ 4,800  |
| (7) | 8/5/04  | Wedding Band    | $ 1,490  |

21.  If any of the property described in paragraph 20 hereof as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred to, sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of this Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
PETER A. MULLIN
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; February    , 2006.

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK

@ 5:11PM
2/22/06

%JS 45 (5/97) - (Revised USAO MA 11/15/05)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** _____   **Category No.** II   **Investigating Agency** FBI

**City** Westwood, MA    **Related Case Information:**

**County** Norfolk    Superseding Ind./ Inf. _____   Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   Richard L. Mortelliti          Juvenile   ☐ Yes   ☒ No

Alias Name _____

Address   12 Patricia Drive, Stoughton, MA

Birth date (Year only): 1962   SSN (last 4 #): 3645   Sex M   Race: Caucasian   Nationality: _____

Defense Counsel if known:   John A. Amabile       Address: 13 Falmouth Heights Road
                                                           Falmouth, MA 02540

Bar Number: _____

**U.S. Attorney Information:**

AUSA   Peter A. Mullin           Bar Number if applicable _____

Interpreter:   ☐ Yes  ☒ No     List language and/or dialect: _____

Victims:  ☒ Yes  ☐ No    If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)   ☐ Yes  ☒ No

Matter to be SEALED:   ☐ Yes   ☒ No

  ☐ Warrant Requested     ☒ Regular Process     ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

Charging Document:   ☐ Complaint   ☐ Information   ☒ Indictment

Total # of Counts:   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony   3

Continue on Page 2 for Entry of U.S.C. Citations

☐   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:  2/22/06         Signature of AUSA:  *Peter A. Mullin*

JS 45 (5/97) - (Revised USAO MA 11/15/05) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**   Richard L. Mortelliti

## U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 18 U.S.C. §1341 | Mail Fraud | 1-3 |
| Set 2 | | | |
| Set 3 | | | |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**