```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
         v.                   )   Criminal No. 06-10051-NG
                              )
RICHARD L. MORTELLITI,        )
         Defendant.           )
```

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE (JEWELRY)**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully requests that this Court enter a Preliminary Order of Forfeiture in the above-captioned case, pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c).  A proposed Preliminary Order of Forfeiture is submitted herewith.  In support thereof, the United States sets forth the following:

   1.   On February 22, 2006, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment charging Defendant Richard L. Mortelliti (the "Defendant") with Mail Fraud, in violation of 18 U.S.C. § 1341.

   2.   The Mail Fraud Forfeiture Allegations of the Indictment sought the forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the Defendant's commission of the Mail Fraud offenses.  Such property specifically included, but was not limited to the following jewelry purchased at Long's Jewelers on the date indicated for the amount shown:

|     |         |                        |          |
|-----|---------|------------------------|----------|
| (1) | 3/18/03 | Diamond Cluster Pendant | $ 2,695 |
| (2) | 9/22/03 | Diamond Ring           | $48,520  |
| (3) | 12/4/03 | Watch                  | $ 1,646  |
| (4) | 3/10/04 | Earrings               | $19,557  |
| (5) | 7/18/04 | Diamond Pendant        | $14,500  |
| (6) | 8/4/04  | Jewelry                | $ 4,800  |
| (7) | 8/5/04  | Wedding Band           | $ 1,490  |

3. The Mail Fraud Forfeiture Allegations further provided that, if any of the forfeitable property, as a result of any act or omission by the Defendant (a) cannot be located upon the exercise of due diligence; (b) has been transferred to, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of this Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant up to the value of such property.

4. On September 25, 2006, the Defendant pled guilty to Counts One through Three of the Indictment. At a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States provided the Court with a basis for the forfeitures alleged in the Indictment. In particular, the United States advised that, had the case gone to trial, the evidence

would have established that the Defendant defrauded investors of $860,000.00, which funds the Defendant spent on personal items, including the items of jewelry identified in paragraph (2) above (collectively, the "Jewelry"). The Defendant stated he adopted all of the facts as represented by the United States.

5. Based upon the Defendant's guilty plea, and the facts admitted at the change of plea hearing, the United States has established the requisite nexus between the Jewelry and the offenses to which the Defendant has pleaded guilty. Accordingly, the Jewelry is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).[1]

6. Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Jewelry and will

---

[1] As of this date, the Jewelry is the only asset the United States has identified as traceable to the proceeds of the Defendant's crimes. Because the Jewelry has been transferred to a third party the United States does not have information as to whether all of the Jewelry is available for forfeiture, nor does it have information regarding the current value of the Jewelry. Accordingly, the United States has moved for the entry of an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $860,000.00 in United States currency. See Doc. Nos. 15-1 and 15-2. If the Court imposes a money judgment and no claims of ownership to the Jewelry are timely filed with the Court after notice and publication, the government will move to amend the Order of Forfeiture (Money Judgment) to forfeit the Jewelry in partial satisfaction of the money judgment. See United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999) (once government has obtained money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment).

publish notice in a newspaper of general circulation of the Court's Order and of the United States' intent to dispose of the Jewelry in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), as incorporated by reference in 28 U.S.C. § 2461(c).

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture (Jewelry) in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture (Jewlery), in the oral pronouncement of the Defendant's sentence; and

(c) incorporate the Preliminary Order of Forfeiture (Jewelry) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By: /s/Kristina E. Barclay
    PETER A. MULLIN
    KRISTINA E. BARCLAY
    Assistant U.S. Attorneys

Dated: December 8, 2006    (617) 748-3100

**CERTIFICATE OF SERVICE**

    This is to certify that the foregoing Motion for Preliminary Order of Forfeiture (Jewelry) and the proposed Preliminary Order of Forfeiture (Jewelry), filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                 /s/Kristina E. Barclay
                                                 Kristina E. Barclay
                                                 Assistant United States Attorney

Dated: December 8, 2006