UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 06-10051 NG |
| | ) | |
| RICHARD L. MORTELLITI, | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION TO SUPPLEMENT RECORD

The United States, by its undersigned counsel, opposes Richard L. Mortelliti's motion, which is captioned as a motion to "supplement the record."

A review of Mr. Mortelliti's motion reveals that, notwithstanding the caption of his motion, he is not seeking to add additional evidence or submissions to the record. Rather, he seeks to have the Court alter the sentence of imprisonment which it imposed in this case, and which has long since become final. Although he suggests that he is asking only that the Court make a recommendation about his place and terms of confinement, he asks this Court to recommend that his prison sentence be altered in favor of an assignment to a Community Corrections Facility, or home confinement, for the final 12 months of his term. Such a "recommendation" would directly contravene the express requirements of Title 18 United States Code, Section 3624,[1] and would be tantamount to a new sentence.

---

[1] 18 U.S.C. §3524(c) requires the Bureau of Prisons, to the extent practicable, to assure that prisoners serving a term of imprisonment spend "a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served" under conditions that will afford prisoners an opportunity to adjust to and prepare for re-entry into the community. Given that this Court sentenced Mr. Mortelliti to a term of 30 months imprisonment, the maximum period for a re-adjustment assignment would be three months. Nothing in the statute would permit the

There is nothing in the motion to suggest that the Court's original sentence was imposed in error or is subject to collateral attack at this late date. On the contrary, as set forth below, there is no jurisdictional basis for amending the judgment at this time.

PROCEDURAL BACKGROUND

On February 22, 2006, Richard Mortelliti was charged by Indictment with three counts of Mail Fraud (18 U.S.C. §1341). The charges arose from a scam in which Mortelliti had persuaded friends to give him over three-quarters of a million dollars for a putative investment in options to purchase stock of the Home Depot Corporation. The investment opportunity was illusory and Mortelliti simply pocketed his victim's money.

On September 25, 2006, Richard Mortelliti pled guilty to all counts of the Indictment. There was no plea agreement. At sentencing, on January 3, 2007, the District Court made findings of fact and calculated that Mr. Mortelliti's guideline sentencing range was 27 to 33 months. Judgment, Dkt. #21. The Court imposed a prison term in the middle of that range, 30 months, noting that such term of "necessary to meet the purposes of sentencing." Specifically, the Court noted:

> You need to be incapacitated, that is to say, you need to be out of the public's harm for that period of time. You need to be told in unmistakable terms that this is wrong to deter you and to deter others. We neeed to make it clear to people that we will no[t] allow this kind of behavior and that this is appropriate retribution for the behavior you've engaged in.

Dkt. 21-2.

---

12 month period Mr. Mortelliti seeks.

ARGUMENT

Mortilliti's motion asks the Court to modify his sentence so that, in effect, he could be released to home confinement, or a community corrections facility, after serving approximately one-third of his sentence. The motion should be denied for two reasons: First, Mortelliti's sentence was fair and reasonable. Second, as a matter of law, there is no basis for granting Mortelliti's motion.

Regarding the first point, there is no need to review all the considerations that were weighed in Mr. Mortelliti's original sentencing. The Court is well aware of the seriousness of his criminal activity and the extensive harm it caused. Mortelliti's term of imprisonment was--in light of his crimes--neither unfair nor harsh. On the contrary, at sentencing the Court noted its view that the sentence imposed was entirely necessary and appropriate.

As to the second point, the law is clear. Title 18, United States Code, section 3582(c) expressly limits the Court's authority to revisit prison terms in sentences that have already been imposed. That statute provides, "[t]he court may not modify a term of imprisonment once it has been imposed," except under specifically enumerated circumstances. 18 U.S.C. §3582(c). The two circumstances under which a Court may modify a term of imprisonment are: (A) upon motion from the Director of the Bureau of Prisons ("BOP"); or (B), "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. §3582(c)(1)(A-B). Neither of those circumstances is present here. There is no motion by the Director of the BOP and, as discussed below, Rule 35 does not allow for any modification of Mortelliti's term of imprisonment at this time.

Rule 35 of the Federal Rules of Criminal Procedure prescribes a strict seven-day limitation period for any "Correction of Sentence by Sentencing Court." Fed. R. Crim. P. 35(c).

The seven-day time limit is jurisdictional. As the First Circuit has noted, "'[Rule 35(c)'s] interval constitutes a limitation . . . and the limitation is absolute.'" *United States v. Fahm*, 13 F.3d 447, 453 (1st Cir. 1994) (quoting *United States v. Morillo*, 8 F.3d 864, 869 (1st Cir. 1993) (dictum)). "The relevant case law likewise compels the conclusion that the district court lack[s] jurisdiction to correct its original sentence beyond the limitation period prescribed in Rule 35(c)." *Fahm*, 13 F.3d at 453. Once the seven-day period has passed, the district court is "without jurisdiction under Rule 35(c) to 'correct,' in any way, its original sentence." *Id.* at 454 n.7.

Mortelliti does not claim that the Court erred when it imposed his sentence, he simply asks the Court to reconsider and change the sentence – although he fails to articulate any reason why the Court might wish to do so. Thus, even if it were timely, the relief Mortelliti seeks lies beyond the reach of Rule 35. *Fahm*, 13 F.3d at 454 (Rule 35 authority limited to correction of acknowledged and obvious errors in sentencing to "reduce the likelihood of abuse of the rule.") (quoting Fed. R. Crim P. 35(c) advisory committee's note (1991 amendment)).

## CONCLUSION

As a matter of fairness, and as a matter of law, Mortelliti's motion should be denied.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By: */s/ Paul G. Levenson*
    PAUL G. LEVENSON
    Assistant U.S. Attorney
    John Joseph Moakley United States Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3147

Dated: May 23, 2008

CERTIFICATE OF SERVICE

    I hereby certify that on this day I will cause a true copy of the above document to be served by first class mail upon defendant-petitioner as follows:

    Richard L. Mortelliti
    #26016-038
    F.P.C. Loretto
    P.O. Box 1000
    Loretto, PA 15940

                                          */s/ Paul G. Levenson*
                                          PAUL G. LEVENSON
                                          Assistant U.S. Attorney

Dated: May 23, 2008